UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
Mei Tsang, Esq. (SBN 237959)
mtsang@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA  92614
Telephone: (949) 679-0052
Facsimile: (949) 679-0461

Attorneys for Plaintiff UT Brands LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UT BRANDS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL O'DONNELL,<br><br>    Defendant. | Case No. 2:23-CV-5275<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

{257526.1}                    COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff UT Brands LLC ("Plaintiff" or "UT Brands"), by its attorneys, hereby files this complaint against Defendant Daniel O'Donnell ("Defendant" or "O'Donnell") for copyright infringement and unfair competition, alleging as follows:

## NATURE OF THE SUIT

1. This is a claim for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 501, *et seq.*, as amended by the Digital Millennium Copyright Act, 17 U.S.C. § 512, *et seq.*, and unfair competition under California law, stemming from Defendant's infringement of a copyright owned by UT Brands, Registration No. VA 2-326-217 (the "Copyright"). A true and correct copy of the U.S. federal copyright registration certificate for the Copyright is attached hereto as Exhibit 1.

## THE PARTIES

2. Plaintiff UT Brands is a California limited liability company with its principal place of business at 5965 Village Way, Suite E105-509, San Diego, California, 92310.

3. On information and belief, Defendant O'Donnell is an individual with a residence at 2200 J. Street, #2, Bellingham, WA 98225. On information and belief, Defendant manufactures and distributes a product which infringes on UT Brand's Copyright.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367. Venue is proper in this District under 28 U.S.C. §1400(b) as Defendant has committed acts of infringement .in this District.

5. Defendant maintains continuous and systematic contacts within this District by selling and offering for sale products to customers within this District and by offering for sale products and services that are used within this District.

6. This Court has specific personal jurisdiction over Defendant because

Defendant, directly and/or through intermediaries, has conducted and conducts substantial business within this District including, but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this District; (iii) regularly soliciting and/or doing business in this District, and/or engaging in other persistent courses of conduct in this District, (iv) or deriving substantial revenue from goods and services provied to individuals in this District; and/or (v) filing a DMCA Counter-Notice and consenting to jurisdiction and service under 17 U.S.C. § 512(g)(3)(D).  Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## FACTUAL BACKGROUND

7. UT Brands, doing business as Funwares, is in the business of manufacturing, distributing, and retailing high-quality novelty items, such as "101 Pooping Puppies," a whimsical novelty puzzle that features 101 dogs in various stages of relieving themselves.  UT Brands owns the copyright for "101 Pooping Puppies," Registration No. VA 2-326-217, and is the owner of all rights, title, and interest in and to, *inter alia*, the copyrights in the product (the "Copyrighted Work").

8. UT Brands incorporated its protected Copyright as part of this incredibly successful jigsaw puzzle, which it has been selling online, including on Amazon, and in retail establishments throughout the world.  The Copyrighted Work, "101 Pooping Puppies," is currently ranked as the #1 puzzle on Amazon.

9. The Copyright registration is valid, subsisting, unrevoked, and uncancelled.  UT Brands also owns common law rights in this and other copyrights for use in connection with its UT Brands and Funwares products.

10. The Copyright has never been assigned or licensed to Defendant in this matter.

11. Upon information and belief, at all times relevant hereto, Defendant has

had full knowledge of the Copyright. Indeed, Defendant received a Notice of Infringement from Amazon related to his infringement of the Copyright and responded thereto, demonstrating his awareness of the Copyright and of the Copyrighted Work, "101 Pooping Puppies" puzzle, generally.

12. Notwithstanding his awareness of the Copyright, Defendant has manufactured, imported, distributed, offered for sale, and sold a "knock off puzzle" (the "Infringing Product"), which violates UT Brand's Copyright and continues to do so.

13. Defendant's Infringing Product is substantially similar, both objectively and instrincially, to the Copyrighted Work, as can easily be seen through a comparison of the products.

**UT Brand's Copyrighted Work**:



**Defendant's Infringing Product**:



14. Upon information and belief, Defendant has compounded the confusion between the Copyrighted Work and Infringing Product by using search optimization tactics to ensure that Defendant's Infringing Product appears in searches near UT Brand's Copyrighted Product.

15. Defendant has plagiarized copyrightable elements of UT Brands' work, and, therefore, the Infringing Product constitutes either a copy or derivative work.

16. Defendant's use of UT Brands' work willfully and intentionally sought to appropriate UT Brand's work for its own profit.

17. As of the date of filing of this Complaint, Defendant continues to sell the Infringing Product.

18. UT Brands has suffered direct losses because of Defendant's actions, and Defendant has profited from sales of the Infringing Product.

19. Defendant will continue to infringe the Copyright and sell the Infringing Product unless temporarily, preliminarily, and permanently enjoined by Order of this Court.

20. As a result of the Defendant's actions, UT Brands has no adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted, Defendant will continue infringing of the Plaintiff's copyrights.

### COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

21. Plaintiff UT Brands incorporates paragraphs 1 through 20 herein by reference.

22. UT Brands has complied with the registration requirements of 17 U.S.C. § 411(a) in obtaining the Copyright.

23. At all times relevant hereto, UT Brands has been producer and sole owner and/or licensee of the original images that are the subject of this action and protected by the Copyright.

24. Among the rights granted to UT Brands is the exclusive right to market and sublicense the right to copy, reproduce, and display the image. Additionally, UT

Brands is granted the exclusive right to make and control claims related to infringements of copyrights in the image.

25. Defendant has intentionally reproduced, displayed, distributed, and made other infringing uses of the Copyright, without authorization by UT Brands.

26. As a result of his conduct, Defendant is liable to UT Brands for copyright infringement.

27. Defendant knew his acts constituted copyright infringement and Defendant's conduct was willful within the meaning of the Copyright Act.

28. As a result of his wrongful conduct, Defendant is liable to UT Brands for copyright infringement pursuant to 17 U.S.C. § 501.  UT Brands has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

29. UT Brands is entitled to recover damages, which include its losses and any and all profits Defendant has made as a result of his wrongful conduct, pursuant to 17 U.S.C. § 504.  Alternatively, UT Brands is entitled to statutory damages under 17 U.S.C. § 504(c).

30. In addition, because Defendant's infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

## COUNT II – UNFAIR COMPETITION UNDER STATE LAW
### (CAL. BUS. & PROF. CODE § 17200, et seq.)

31. Plaintiff UT Brands incorporates paragraphs 1 through 30 herein by reference.

32. The Infrining Product sold and offered for sale by Defendant is of the same nature and type as UT Brand's Copyrighted Work and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

33. By misappropriating and using the Copyright, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Product and creates a likelihood of confusion by consumers as the source of the

merchandise.

34. Defendant's unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Infringing Product creates express and implied misrepresentations that the Infringing Product was created, authorized, or approved by UT Brands, all to Defendant's profit and to UT Brands' great damage and injury.

35. Defendant's acts, as described herein, constitute unlawful, unfair, and/or fraudulent business practices within the meaning of California Business & Professions Code Section 17200, et seq.

36. As a direct and proximate result of Defendant's unlawful, unfair and/or fraudulent business practices, UT Brands has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

## **PRAYER OF RELIEF**

**WHEREFORE**, UT Brands prays for judgment as follows:

A. That Defendant has directly and indirectly infringed the Copyright;

B. That UT Brands be awarded all damages adequate to compensate it for Defendant's infringement of the Copyright and for Defendant's unfair competition, such damages to be determined by a jury with pre-judgment and post-judgment interest;

C. An order permanently enjoining Defendant and his officers, agents, servants and employees, privies, and all persons in concert or participation with him, from further infringement of the Copyright and further acts of unfair competition;

D. That UT Brands be awarded statutory damages of One Hundred and Fifty Thousand Dollars ($150,000) for each and every use by Defendant of the Copyright, pursuant to 17 U.S.C. § 504;

E. That UT Brands be awarded its reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505; and

F.  That UT Brands be awarded such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

UT Brands hereby demands a trial by jury on all issues so triable.

Dated:  July 3, 2023              UMBERG ZIPSER LLP

                                  Mark Finkelstein
                                  Mei Tsang
                                  Molly J. Magnuson
                                  Attorneys for Plaintiff UT Brands LLC

Name: Robert Kushner
Date: October 31, 2022
Applicant's Tracking Number: 104028.0126CPY

Correspondence: Yes